IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| IN RE: | § | CASE NO. 11-_____ |
|---|---|---|
| | § | |
| IRWIN MORTGAGE CORPORATION, | § | |
| | § | |
| | § | Chapter 11 |
| | § | Judge _____ |
| Debtor and | § | |
| Debtor-in-Possession. | § | |
| | § | |

**DEBTOR'S MOTION FOR AN ORDER REJECTING THE FISHERS LEASES,
EFFECTIVE JUNE 30, 2011**

Irwin Mortgage Corporation, the chapter 11 debtor and debtor-in-possession (the "Debtor" or "IMC"), requests this Court to enter an order rejecting the Fishers Leases (as defined below) in accordance with section 365 of the Bankruptcy Code, effective June 30, 2011. The Debtor attaches a Memorandum and incorporates the Caruso Declaration in support of this Motion.

Respectfully submitted,

*/s/ Matthew T. Schaeffer*
Nick V. Cavalieri (0013097)
Matthew T. Schaeffer (0066750)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
614.221.3155 (telephone)
614.221.0479 (telefax)
nick.cavalieri@baileycavalieri.com
matthew.schaeffer@baileycavalieri.com

- and -

Robert B. Berner (0020055)
Bailey Cavalieri LLC
Kettering Tower, Suite 1250

40 North Main Street
Dayton, Ohio 45423-0001
937.223.4701 (telephone)
937.223.0170 (telefax)
robert.berner@baileycavalieri.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

# MEMORANDUM

## I. INTRODUCTION

1. The Debtor requests that this Court enter an order rejecting the Fishers Leases, effective June 30, 2011, in accordance with section 365(a) of the Bankruptcy Code (as those terms are defined below). The Fishers Leases generate a net negative monthly cash flow of approximately $30,000 per month (exclusive of additional amounts due for real estate taxes) and do not provide any benefit to the Debtor, its estate, or its creditors. Moreover, the Debtor believes that there is no potential value in the Fishers Leases to be realized through a possible sale, assumption and assignment.

## II. FACTUAL BACKGROUND

2. Simultaneously with the date of filing of this Motion (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

3. The Debtor is continuing in possession of its properties and is managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. IMC is an Indiana corporation, whose principal place of business is in Dublin, Ohio.

5.  For a number of years, IMC originated, purchased, sold and serviced conventional and government agency backed residential mortgage loans throughout the United States. However, in 2006 and continuing into early 2007, IMC sold substantially all of its assets, including its mortgage origination business, its mortgage servicing business, and its mortgage servicing rights portfolio, to a number of third party purchasers. As a result of those sales, IMC terminated its operations and has been winding down since 2006.

6.  Additional information regarding the Debtor's business, capital structure, and the circumstances leading to this Chapter 11 filing are contained in the Declaration of Fred C. Caruso In Support Of First Day Pleadings (the "Caruso Declaration") filed contemporaneously with this Motion.

## III. JURISDICTION

7.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. These proceedings are core proceedings pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## IV. ARUGUMENT AND AUTHORITY IN SUPPORT OF THE MOTION

8.  The Debtor is a lessee and a sub-lessor with respect to a multi-story, 125,290 square foot commercial office building located at 10500 Kincaid Dr., Fishers, Indiana (the "Fishers Building"), which lease and subleases are defined collectively as the Fishers Leases and which are more fully described below. By this Motion, the Debtor requests an order rejecting the Fishers Leases, effective June 30, 2011.

9.  At one time, the Debtor's operations were based in the Fishers Building.

10. IMC is the lessee of the Fishers Building pursuant to a written lease agreement with the lessor, Lantern Partners, LLC (the "Fishers Prime Lease"). Salient terms of the Fishers Prime Lease, as amended, are summarized as follows:

| | | |
|---|---|---|
| | Lessor: | Lantern Partners, LLC ("Lantern") |
| | Lessee: | Irwin Mortgage Corporation |
| | Date: | Original date - May 7, 2002; |
| | | First Amendment October 17, 2002; |
| | | Second Amendment November 27, 2003 |
| | Premises: | The Fishers Building |
| | Monthly Base Rent: | $157,414.00 plus operating expenses including taxes, insurance, maintenance, and other expenses |
| | Term: | 120 months, with 3 five year extension options |

11. In connection with IMC's termination of operations and wind down described in paragraph 5 above, IMC subsequently entered into subleases with various third parties for much of the Fishers Building (collectively, the "Fishers Subleases," and, with the Fishers Prime Lease, the "Fishers Leases"). Further, some of the Fishers Subleases have been assigned and/or the premises have been sub-subleased.

12. The salient terms of the Fishers Subleases are summarized as follows:

A. The New Century Mortgage Corporation Sublease (the "New Century Sublease"):

| | | |
|---|---|---|
| | Sublessor: | Irwin Mortgage Corporation |
| | Sublessee: | New Century Mortgage Corporation, subsequently assigned to Carrington Mortgage Services, LLC as set forth below |
| | Date: | October 31, 2006 |
| | Premises: | All of the 4th floor of the Fishers Building plus non-exclusive use of other areas |
| | Monthly Rent: | $45,650 base rent plus additional rent, including taxes, insurance, maintenance, utilities, and other expenses |

|   |   |   |
|---|---|---|
| | Term: | Expires March 16, 2013 with 3 five year conditional extension options |
| | Assignment: | The New Century Sublease was assigned to Carrington Mortgage Services, LLC in May, 2007 pursuant to order of the Bankruptcy Court in accordance with section 365 of the Bankruptcy Code (the "Carrington Assigned Sublease") |

B. The Freedom Mortgage Corporation Sublease (the "Freedom Sublease"):

|   |   |   |
|---|---|---|
| | Sublessor: | Irwin Mortgage Corporation |
| | Sublessee: | Freedom Mortgage Corporation |
| | Date: | September 18, 2006 |
| | Premises: | All of the 3rd floor of the Fishers Building plus additional space and non exclusive use of other areas |
| | Monthly Rent: | $48,798.34 base rent plus additional amounts for additional space and plus additional rent including taxes, insurance, maintenance, utilities, and other expenses[1] |
| | Term: | Expires 1 day before the expiration of the Fishers Prime Lease plus 3 five year conditional extension options |

C. The C.H. Robinson Worldwide, Inc. Sublease (the "Robinson Sublease"):

|   |   |   |
|---|---|---|
| | Sublessor: | Irwin Mortgage Corporation |
| | Sublessee: | C.H. Robinson Worldwide, Inc. |
| | Date: | On or about October 16, 2008 |
| | Premises: | 11,027 rentable square feet on the 2nd floor of the building and non exclusive use of other areas |
| | Monthly Rent: | $15,162.13 base rent plus additional rent, including taxes, insurance, maintenance, utilities, and other |

---

[1] The Debtor has claims against Freedom for additional rent under the Freedom Sublease and related matters. Freedom and IMC are parties to pending litigation in the United States District Court for the Northern District of California, San Francisco Division. The Debtor is specifically reserving all claims against Freedom.

665078.1     5

|   |   |   | expenses |
|---|---|---|---|
|   |   | Term: | Expires March 13, 2013 |

D. The Nelnet, Inc. Sublease (the "Nelnet Sublease"):

    Sublessor:    Irwin Mortgage Corporation

    Sublessee:    Nelnet, Inc.

    Date:    October, 2007

    Premises:    8,842 square foot portion of 2nd floor of Building plus non exclusive use of other areas (the premises was previously subleased under the Freedom Sublease as the "Additional Space")

    Monthly Rent:    $11,420.92 base rent plus additional rent, including taxes, insurance, maintenance, utilities, and other expenses

    Term:    Expires March 16, 2013

    Sub-subleases:    A portion of premises was sub-subleased to Watson Investor Communications

E. The DECA Financial Services, LLC Sublease (the "DECA Sublease"):

    Sublessor:    Irwin Mortgage Corporation

    Sublessee:    DECA Financial Services, LLC

    Date:    March 1, 2010

    Premises:    8,730 rentable square feet in Suite 150 on the first floor of the Fishers Building, including certain furnishings, plus non-exclusive use of other areas

    Monthly Rent:    $9,093.75 base rent

    Term:    Expires March 16, 2013

13. The Debtor requests that the Court enter an order rejecting the Fishers Leases, effective June 30, 2011, in accordance with section 365(a) of the Bankruptcy Code.

14. The Fishers Leases are not necessary to the Debtor's business operations or the

success of this Chapter 11 Case. The leased premises are no longer of use or benefit to the Debtor. The Debtor vacated the remaining portions of the Fishers Building which were used to store business records earlier in 2011. Further, the Debtor formally surrendered the Fishers Building to Lantern on June 30, 2011.

15. Further, the Debtor incurs a net, negative monthly expense for the Fishers Leases. Although the Debtor derives monthly sublease income from the Fishers Subleases of approximately $187,000 per month[2], the expenses of the Fishers Prime Lease total approximately $217,000 per month. In other words, the Fishers Leases generate a negative cash flow for the Debtor of approximately $30,000 per month.

16. In addition to the $30,000 negative monthly cash flow described above, the Debtor is responsible for the payment of real estate taxes under the Fishers Prime Lease, which total approximately $370,000 per year. The real estate taxes are payable twice per year. However, if the real estate taxes are factored into the net monthly cash flow, Debtor's losses are approximately $60,000 per month.

17. Further, the Debtor believes that there is no potential value in the Fishers Leases to be realized through a possible sale, assumption and assignment. Only about 85% of the Fishers Building has been relet. Although the base rent for the 3 extensions is "90% of the Fair Market Rent," the Debtor does not believe that there is any material value from a sale, assumption, and assignment of the Fishers Leases.

18. As noted above, the Fishers Subleases generate sub-lease payments to IMC in the

---

[2] The Debtor currently receives the following approximate monthly amounts on account of the Fishers Subleases, which have all been paid for the month of June, 2011:

| | |
|---|---|
| Nelnet Sublease | $11,420.92 |
| Carrington Assigned Sublease | $83,325.26 |
| Freedom Sublease | $68,948.34 |
| Robinson Sublease | $15,152.13 |
| DECA Sublease | $ 9,093.75 |

approximate amount of $187,000 per month. In the event that the Court enters a final, non appealable order approving the rejection of all of the Fishers Leases effective June 30, 2011, the Debtor proposes that any payments received by IMC from the Fishers Subleases on account of the periods after June 30, 2011 (whether received by IMC before or after June 30, 2011) be paid to Lantern.

19.     No prior motion for the relief requested herein has been made to this or any other Court.

20.     No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case. A copy of this Motion is being served via overnight delivery upon the U.S Trustee, the top 25 creditors, and the parties to the Fishers leases. **Please take notice that the Debtor has filed a Motion for an Expedited Hearing to consider this Motion. Debtor shall serve notice of the objection date and the hearing date pursuant to further order(s) of this Court.**

## V.    CONCLUSION

21.     In conclusion, the Debtor respectfully requests that the Court enter an order rejecting the Fishers Leases, effective June 30, 2011, and granting such other and further relief as the Court deems just and appropriate. A copy of a proposed order granting this Motion is attached as Exhibit 1.

                                                                                  Respectfully submitted,

                                                */s/ Matthew T. Schaeffer*
Nick V. Cavalieri     (0013097)
Matthew T. Schaeffer (0066750)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
614.221.3155 (telephone)
614.221.0479 (telefax)
nick.cavalieri@baileycavalieri.com
matthew.schaeffer@baileycavalieri.com

- and -

Robert B. Berner (0020055)
Bailey Cavalieri LLC
Kettering Tower, Suite 1250
40 North Main Street
Dayton, Ohio 45423-0001
937.223.4701 (telephone)
937.223.0170 (telefax)
robert.berner@baileycavalieri.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

# NOTICE OF MOTION

Irwin Mortgage Corporation, debtor and debtor-in-possession, has filed the *Debtor's Motion For An Order Rejecting The Fishers Leases.*

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion/objection, then on or before **August 1, 2011**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to the US Bankruptcy Court Clerk, 170 North High Street, Columbus, Ohio 43215 OR your attorney must file a response using the court's ECF System. The objection date set forth herein may be shortened by Order of the Court.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

>Fred C. Caruso
>Irwin Mortgage Corporation
>6375 Riverside Drive
>Suite 200
>Dublin, OH 43017-5045
>
>Nick V. Cavalieri
>Robert B. Berner
>Bailey Cavalieri LLC
>10 West Broad Street, Suite 2100
>Columbus, OH 43215
>
>Office of the United States Trustee
>170 N. High Street, Suite 200
>Columbus, OH 43215-2403

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief without further hearing or notice.

>*/s/ Matthew T. Schaeffer*
>Matthew T. Schaeffer

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-_____ |
| | § | |
| IRWIN MORTGAGE CORPORATION, | § | |
| | § | |
| | § | Chapter 11 |
| | § | Judge _____ |
| Debtor and | § | |
| Debtor-in-Possession. | § | |
| | § | |

**ORDER GRANTING THE DEBTOR'S MOTION FOR AN ORDER REJECTING
FISHERS LEASES, EFFECTIVE JUNE 30, 2011 (doc. ___)**

This matter is before the Court pursuant to the Debtor's Motion For An Order Rejecting Fishers Leases, Effective June 30, 2011 (doc. ___) (the "Motion").[1]

The Court has reviewed the Motion, related matters and the record in these proceedings and finds that (a) the Court has jurisdiction over this Motion; (b) the Motion is a core

proceeding; (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; (d) no timely written objections to the Motion were filed; and (e) the legal and factual bases set forth in the Motion and in the record of these proceedings established good cause to approve the Motion.

It is therefore ORDERED that:

1. The Motion is GRANTED.

2. The Fishers Leases are rejected, effective June 30, 2011. In the event that this Order becomes final and non-appealable, the Debtor is shall turn over to Lantern any payments received by Debtor from the Fishers Subleases on account of the periods after June 30, 2011 (whether received by IMC before or after June 30, 2011).

3. The Court shall retain jurisdiction to hear and determine any and all further matters arising from or related to this Order.

4. This Order shall be effective immediately upon entry.

**IT IS SO ORDERED.**

*Copies to:*

# # #

---

[1] Capitalized terms used in this Order without definition shall have the meanings attributed to them in the Motion.

665078.1